# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN JOSEPH SEKA, | Case No. 2:22-cv-02184-RFB-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON WARDEN, *et al.*, | |
| Respondents. | |

John Joseph Seka challenges his conviction in the Eighth Judicial District Court (Clark County), Nevada by a jury of first-degree murder, second-degree murder, and two counts of robbery. ECF No. 2 at 78-120. This Court previously granted a stay and administratively closed Seka's 28 U.S.C. § 2254 federal habeas corpus action pending the completion of his state postconviction litigation. ECF No. 7. Seka has filed a Motion to Reopen this case because his state litigation has concluded. ECF No. 8. Good cause appearing, the Court will reopen this action.

Therefore, **IT IS ORDERED** Petitioner's Motion to Reopen (ECF No. 8) is **GRANTED**. The Clerk of Court is directed to reopen this action.

**IT IS FURTHER ORDERED** that Respondents shall file a response to the Petition, including any motion to dismiss, within 90 days of service of the petition. Any requests for relief by Petitioner by motion are otherwise subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion, in multiple

successive motions to dismiss, or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that Petitioner has 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment. Each exhibit will be filed as a separate attachment.

///

///

///

      **IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of any responsive pleading or motion and all INDICES OF EXHIBITS ONLY to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

**DATED**: May 5, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**