UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN JOSEPH SEKA,

Petitioner,

v.

CALVIN JOHNSON,

Respondent.

Case No. 2:22-cv-02184-RFB-BNW

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR HEARING**

Petitioner John Joseph Seka filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). See ECF No. 2. Before the Court is Respondent's motion to dismiss the Petition. See ECF No. 17. Also, before the Court is Mr. Seka's motion for an evidentiary hearing. See ECF No. 36. Both motions have been fully briefed. See ECF Nos. 34, 43, 40, 42. For the reasons discussed below, the Court denies the motion to dismiss and the motion for an evidentiary hearing.

## I. PROCEDURAL HISTORY

Following a jury trial, Mr. Seka was convicted of first-degree murder with the use of a deadly weapon, second-degree murder with the use of a deadly weapon, and two counts of robbery. See ECF No. 20-24. Mr. Seka was sentenced to, *inter alia*, two consecutive life sentences without the possibility of parole. See id. Mr. Seka appealed, and the Nevada Supreme Court affirmed his conviction and sentence on April 8, 2003. See ECF No. 20-50. Remittitur issued on May 14, 2003. See ECF No. 21-1. Mr. Seka filed a state habeas petition on February 13, 2004. See ECF No. 21-4. The state court denied the petition. See ECF No. 21-14. Mr. Seka appealed, and the Nevada Supreme Court affirmed. See ECF No. 21-29. Remittitur issued on July 12, 2005. See ECF No.

21-31.

Mr. Seka filed a federal habeas petition on July 22, 2005, in Seka v. McDaniel, 3:05-cv-00409-HDM-VPC. See ECF No. 2 at 40. This Court denied Mr. Seka's petition on August 26, 2008. See id. The Ninth Circuit Court of Appeals granted a certificate of appealability but subsequently affirmed this Court's denial of federal habeas relief. See id. at 40–41. The United States Supreme Court denied Mr. Seka's petition for a writ of certiorari on March 5, 2012. See id. at 41.

Mr. Seka filed a post-conviction petition requesting a genetic marker analysis of evidence within the possession or custody of the State on June 19, 2017. See ECF No. 21-36. The state court granted Mr. Seka's petition on September 19, 2017. See ECF No. 21-40. The state court then held an evidentiary hearing on the genetic marker analysis. See ECF No. 21-48. The state court granted, in part, Mr. Seka's request for the testing of evidence. See ECF No. 22-1. Following that testing, Mr. Seka moved for a new trial. See ECF No. 22-5. The state court granted the motion, but the Nevada Supreme Court reversed. See ECF Nos. 22-8, 22-38. The Nevada Supreme Court then denied Mr. Seka's petitions for rehearing and for *en banc* reconsideration over the dissent of three justices. See ECF Nos. 22-40, 22-46. Remittitur issued on November 2, 2021. See ECF No. 22-47.

Mr. Seka filed a second state habeas petition on November 1, 2022. See ECF No. 23-2. The state court denied the petition. See ECF No. 23-9. Mr. Seka appealed, and the Nevada Supreme Court affirmed. See ECF No. 23-26. Remittitur issued on November 8, 2024. See ECF No. 23-27.

Mr. Seka requested authorization from the Ninth Circuit Court of Appeals to file a second or successive federal habeas petition. See ECF No. 2. The Ninth Circuit Court of Appeals granted Mr. Seka's application. See ECF No. 2-1. This Court screened and served Mr. Seka's Petition on April 26, 2024. See ECF No. 4. This Court then granted a stay on August 8, 2024, at the request of the parties. See ECF No. 7. This matter was reopened on May 5, 2025. See ECF No. 10.

In his Petition, Mr. Seka raises the following two grounds for relief: (1) the State suppressed a latent fingerprint report ("Ground 1"); and (2) new DNA evidence shows that he is innocent ("Ground 2"). See ECF No. 2. Respondent argues that (1) Mr. Seka failed to satisfy the

preconditions for filing a second or successive petition, (2) both grounds are untimely, and (3) Ground 2 is not cognizable. See ECF No. 17. The Court will address these arguments in turn.

## II. DISCUSSION

### A. Second or Successive Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Mr. Seka argues that the Ground 1 of the Petition meets this standard because (1) Mr. Seka did not learn about the prosecution's suppression of the latent fingerprint report until 2017 when the state court granted his DNA petition, and (2) the suppressed fingerprint report shows that he is not guilty. See ECF No. 34 at 31–32. Mr. Seka further argues Ground 2 of the Petition meets this standard because (1) Mr. Seka could not have requested a genetic marker analysis until well after he filed his initial federal habeas petition, and (2) the new DNA evidence shows that he is innocent. See id. at 49.

Turning to Mr. Seka's first argument, the Court agrees with Mr. Seka and finds that the latent fingerprint report could not have been discovered previously through the exercise of due diligence. On August 21, 2017, Mr. Seka, via the Rocky Mountain Innocence Center ("RMIC"), sent a public records request to the Las Vegas Metropolitan Police Department ("LVMPD") asking for all documents and photos related to the stolen purse. See ECF No. 30-14 at 109–13, 120. On November 7, 2017, LVMPD provided the RMIC the latent fingerprint report, which showed that Mr. Seka had been excluded as the source of the fingerprints. See id. at 121. According to the RMIC, this report was not included within the State's discovery materials. See id. Contrary to Respondent's argument, this Court finds that Mr. Seka was never put on notice that this fingerprint report existed. Indeed, neither the crime scene report nor the latent fingerprint report in the murder

case indicates that latent prints were obtained from the purse or that they were compared to Mr. Seka's fingerprints. See ECF No. 30-11 at 13–26; ECF No. 30-12 at 138–40. Accordingly, this Court finds that Mr. Seka's first ground for relief has satisfied the procedural bar in 28 U.S.C. § 2244(b)(2)(B)(i).

Turning to Mr. Seka's second argument, the Court agrees with Mr. Seka and finds that the genetic marker analysis could not have been discovered previously through the exercise of due diligence. On June 19, 2017, Mr. Seka, via the RMIC, filed a petition in the state court seeking DNA testing of some physical evidence. See ECF No. 30-8 at 92. In 2018, the state court granted that petition, and DNA testing on, *inter alia*, the victim's fingernails and a cigarette butt found near the victim's body was conducted. That testing showed, for the first time, that (1) Mr. Seka was excluded as the contributor of foreign DNA present on the victim's fingernails, and (2) Mr. Seka and the victim were both excluded as contributors to DNA found on the cigarette. See ECF No. 30-12 at 135. At Mr. Seka's 2018 hearing on his genetic marker petition, LVMPD forensic scientist Craig King testified that the procedure he used to retest the DNA from the victim's fingernails and the cigarette butt—called "STR mix"—was a process that "tak[es] advantage of more information" from a DNA profile than was previously available. ECF No. 30-9 at 29. Because the process used in 2018 had not been available at the time of Mr. Seka's trial or the time of his initial federal proceedings, the Court finds that Mr. Seka's second ground for relief has also satisfied the procedural bar in 28 U.S.C. § 2244(b)(2)(B)(i).

The Court defers decision on the second procedural bar, 28 U.S.C. § 2244(b)(2)(B)(ii), until the time of merits review. Indeed, because this Court must assess new evidence in light of the evidence of guilt adduced at Mr. Seka's trial, this second prong is necessarily intertwined with the merits of Mr. Seka's Petition.

**B. Timeliness**

Respondent argues that the Petition is untimely. See ECF No. 17 at 11. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." Stewart v. Cate, 757 F.3d 929, 937 (9th Cir. 2014) (quoting Schlup, 513 U.S. at 316).

Again, because this Court must assess new evidence in light of the evidence of guilt adduced at Mr. Seka's trial, this Court also defers consideration on Mr. Seka's actual innocence gateway, which is necessarily intertwined with the merits of the Petition, until this Court's merits review.

**C. Cognizable Claim**

Respondent argues that Mr. Seka's actual innocence claim—Ground 2—is not cognizable in federal habeas. See ECF No. 17 at 13. AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. McGuire, 502 U.S. at 68.

The Supreme Court has not decided whether there is a freestanding claim of actual innocence under federal constitutional law. McQuiggin, 569 U.S. at 392. Given the unsettled nature of this question, this Court declines to dismiss Mr. Seka's actual innocence claim.

**D. Evidentiary Hearing**

In Mr. Seka's motion for an evidentiary hearing, he explains that "if the Court does not believe it can rule in Mr. Seka's favor on the current record, it should set this case for an evidentiary hearing so Seka can present additional evidence to support his arguments." ECF No. 36 at 2. Because this Court denies the motion to dismiss, it finds that an evidentiary hearing is unwarranted.

**E. Motions for Extension of Time**

Respondent has filed a motion for a 60-day extension of time to file his reply to his motion to dismiss, Respondent has also filed a motion for a 30-day extension of time to file his response to the motion for an evidentiary hearing, and Mr. Seka has filed a motion for a 14-day extension of time to file his reply in support of his motion for an evidentiary hearing. See ECF Nos. 37, 39, 41. The Court finds that good cause exists to grant the motions, *nunc pro tunc*.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the motion to dismiss (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for hearing (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the motions for extension of time (ECF Nos. 37, 39, 41) are **GRANTED** *nunc pro tunc*. Respondent's reply to his motion to dismiss, Respondent's response to the motion for an evidentiary hearing, and Seka's reply to the motion for an evidentiary hearing are considered timely filed.

**IT IS FURTHER ORDERED** that Respondent file his answer to the Petition within 90 days of the date of this Order. Mr. Seka will then have 60 days to file his reply.

**DATED:** September 29, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**